UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| VICKIE CURRY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:20-cv-153-GMB |
| GAYLE A. JASPER and LANDSTAR RANGER, INC., | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Pending before the court is the Motion to Dismiss, or in the Alternative Motion to Transfer filed by Defendant Landstar Ranger, Inc. ("Landstar"). Doc. 7. Defendant Gayle A. Jasper has joined in the motion. *See* Docs. 11 & 12. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. After careful consideration of the parties' filings and the relevant law, and for the following reasons, the court concludes that the motion to transfer is due to be granted, and that this case shall be transferred to the United States District Court for the Western District of Louisiana.

## **I. JURISDICTION AND VENUE**

The court has subject matter jurisdiction over the claims in this lawsuit pursuant to 28 U.S.C. § 1332, but the parties dispute whether venue is proper in the Northern District of Alabama or the Western District of Louisiana.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The following is a recitation of the facts as alleged in Curry's complaint. On September 23, 2018, in Sulphur, Louisiana, Jasper negligently caused a collision between his tractor-trailer and a Kia Soul vehicle in which Curry was a passenger. Doc. 1 at 2–3. Curry suffered injuries to her back, ribs and neck, requiring her to seek medical treatment which included surgery. Doc. 1 at 2. Curry also suffered physical pain and suffering, mental anguish, panic attacks, and numerous subsequent procedures. Doc. 1 at 2. Landstar contracted with Jasper to drive the truck involved in the collision. Doc. 1 at 2.

According to Curry, the vehicle in which she was traveling was parked on the highway's shoulder when Jasper failed to "maintain his vehicle in his travel lane" and collided with the vehicle. Doc. 1 at 3. She alleges that Landstar "knew or had reason to know" that Jasper posed "an unreasonable risk of harm to others" as a commercial truck driver. Doc. 1 at 4.

## III. DISCUSSION

"Questions of venue in diversity actions are governed by federal law." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 25 (1998). "For the convenience of parties and witnesses, section 1404(a) allows the district courts to transfer an action to another proper venue if such a transfer will be in the interest of justice." *In re Ricoh Corp.*, 807 F.2d 570, 572 (11th Cir. 1989). The propriety of venue in federal court

is determined by 28 U.S.C. § 1391, which provides that a case may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* § 1391(b).

Curry makes two crucial errors in her brief: conflating the standards for personal jurisdiction and venue, and assuming that Alabama law governs the propriety of the venue for her lawsuit. *See* Doc. 13 at 9–15. As an initial matter, it is important to note that "[v]enue is distinct from jurisdiction. Venue may be proper or improper, independent of questions of subject matter or personal jurisdiction." *Driscoll v. New Orleans Steamboat Co.*, 633 F.2d 1158, 1159 n.1 (5th Cir. 1981). Equally important, "state law cannot control venue in federal courts." *Allied Prods. Corp. v. Trinidad Petroleum Corp.*, 570 F. Supp. 1353, 1356 (N.D. Ala. 1983).

Applying federal law to the discrete issue of venue, the court finds that venue is improper in this district. First and foremost, neither of the defendants resides in Alabama since Jasper is a citizen of Georgia and Landstar is incorporated in Delaware with its principal place of business in Florida, making it citizens of both states. Accordingly, because not all defendants are residents of Alabama,

3

§ 1391(b)(1) is not a path to venue in this district. Neither is § 1391(b)(2). Curry alleged that the motor vehicle accident in question occurred in Sulphur, Louisiana, and nothing in her factual allegations takes place in or is connected to the Northern District of Alabama. Doc. 1 at 2. Finally, § 1391(b)(3) applies only "if there is no district in which an action may otherwise be brought." But this action could have been brought in the U.S. District Court for the Western District of Louisiana because Curry has alleged that all of the events giving rise to her suit occurred in Sulphur, Louisiana, which is located in Calcasieu Parish[1] within the jurisdiction of the Western District of Louisiana. *Louisiana Western District Court*, UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF LOUISIANA, https://www.lawd.uscourts.gov/clerks-office (last visited August 11, 2020).

Accordingly, because venue is improper in this district based on Curry's factual allegations, the defendants' motion to transfer is due to be granted and this action transferred to the U.S. District Court for the Western District of Louisiana. *See, e.g.*, *Kapordelis v. Danzig*, 387 F. App'x 905, 906 (11th Cir. 2010) ("If a case is filed in the wrong district, the court must dismiss the case, or, in the interests of justice, transfer the case to any district in which it could have been brought.").

---

[1] *See* Map of Calcasieu Parish, Louisiana, GOOGLE MAPS, https://www.google.com/maps/place/Calcasieu+Parish,+LA/@30.2639154,93.6054941,10z/data=!4m5!3m4!1s0x863b858433dc811f:0x7be9aa823b106874!8m2!3d30.2089286!4d-93.3388917 (last visited August 11, 2020).

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss, or in the Alternative Motion to Transfer (Doc. 7) will be GRANTED in part by separate order, and this action shall be transferred to the United States District Court for the Western District of Louisiana.[2]

DONE and ORDERED on August 14, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the court has determined that venue is proper in another district, it need not reach the issue of personal jurisdiction. *See, e.g.*, *Delta Sigma Theta Sorority, Inc. v. Bivins*, 20 F. Supp. 207, 218–19 (D.D.C. 2014) ("[T]ransfer is in the interest of justice where procedural obstacles to the resolution of a case on the merits may be removed by a transfer, such as lack of personal jurisdiction . . . .") (internal quotation marks omitted); *see also Eggers v. U.S. Att'y Gen.*, 2007 WL 9706127, at *1 (N.D. Ala. Nov. 9, 2007) ("The Supreme Court has held that a district court has the power to transfer a case to another judicial district, whether or not the transferring court has personal jurisdiction over the defendant.") (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 1962)).