## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**VICKIE CURRY**                                   **CASE NO.  2:20-CV-01145**

**VERSUS**                                         **JUDGE JAMES D. CAIN, JR.**

**GAYLE A. JASPER ET AL.**                         **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a voluntary Motion to Dismiss [doc. 34] filed by plaintiff Vickie Curry. Defendants oppose the motion. Doc. 36.

## I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on the interstate in Sulphur, Louisiana, on September 23, 2018. Doc. 1. On February 3, 2020, plaintiff (a resident of Tuscaloosa County, Alabama) filed suit in the Northern District of Alabama against the defendant driver, Gary A. Jasper, and his employer, Landstar Ranger, Inc. *Id.* As the sole basis for the court's jurisdiction, she asserted diversity jurisdiction under 28 U.S.C. § 1332. *Id.* She raised tort claims against both defendants and alleged that venue was proper in that district because she was a resident of the Tuscaloosa division and defendants conducted business in that district. *Id.* The defendants objected, however, and the court agreed, finding that venue was improper in Alabama because the accident did not occur there and, as acknowledged in the complaint, defendants were citizens of Georgia (Jasper) and Florida and Delaware (Landstar). The court further determined that venue was

proper in this court, as the district where the accident occurred, and transferred the suit here. Docs. 18–19, 21. The plaintiff then filed a motion to reconsider or, in the alternative, transfer the case to Florida, which this court denied. Docs. 20, 32.

The defendants filed a motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's claims were untimely under Louisiana's one-year prescriptive period for delictual actions. Doc. 29. One week later, with that motion still pending, plaintiff filed a motion to voluntarily dismiss the suit without prejudice. Doc. 34. There she also announced her plans to file a new complaint in the Northern District of Georgia. Doc. 34. Defendants oppose the motion on the grounds that they will be prejudiced by the dismissal. Doc. 36.

## II.
### LAW & APPLICATION

Under Federal Rule of Civil Procedure 41, a plaintiff may unilaterally dismiss a suit at any time before an answer or motion for summary judgment is filed. Fed. R. Civ. P. 41(a)(1). After this point, however, voluntary dismissal may be obtained "only by court order, on terms that the court considers proper. *Id.* at 41(a)(2). As a general rule, the court will not grant such a motion where it would result in "plain legal prejudice" to the non-moving party. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Courts have found sufficient prejudice where the voluntary dismissal would prevent defendants from obtaining a ruling on a pending motion to dismiss. *Lewis v. Wells Fargo Bank, N.A.*, 2011 WL 13234291, at *2 (N.D. Tex. Nov. 18, 2011). Instead, "dismissal should be refused . . . when a plaintiff seeks to circumvent an adverse result." *Id.* (quoting *Williams v. Ford*

*Motor Credit Co.*, 627 F.2d 158, 160 (8th Cir. 1980)) (cleaned up); *see also Manshack v. S.W. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

Here the pending Rule 41 motion is an evident attempt to avoid the adverse result of dismissal under Rule 12(b)(6). However, the defendants have not submitted an answer to the plaintiff's complaint. Instead, they filed (1) a motion to dismiss or transfer venue in the Northern District of Alabama and (2) a 12(b)(6) motion to dismiss in this court. "A motion to dismiss, unless converted to one for summary judgment by receipt of matters outside the pleadings, is not the equivalent of an answer or motion for summary judgment pursuant to Rule 41(a)(1)." *Taylor v. Tesco Corp. (US)*, 816 F.Supp.2d 410, 413–14 (S.D. Tex. 2011) (citing *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 661–62 (5th Cir. 1979)). Neither of defendants' previous motions relied on matters outside the pleadings. There is no basis for converting them to motions for summary judgment, and so neither motion cut off plaintiff's right of unilateral dismissal under Rule 41(a)(1).

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 34] will be granted and this matter will be dismissed without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 15th day of October, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**